**FILED**
AUG 18 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WASHINGTON D.C.

D. JAMES SUTTON
937 Groveside Road
Buskirk, NY 12028

                Plaintiff,                Case: 1:11-cv-01500
                                        Assigned To : Walton, Reggie B.
                                        Assign. Date : 8/18/2011
     -against-                  Description: FOIA/Privacy Act

UNITED STATES DEPARTMENT OF JUSTICE
And Sarah Lord Assistant United States Attorney

                              Defendants.

---

D. James Sutton, the plaintiff ("Sutton") asserts this complaint against defendants, the United States Department of Justice, (the afore mentioned defendants are hereinafter referred to as either "Defendants" or "Justice Department"), and in support thereof Sutton alleges as follows:

### Jurisdiction and Venue

(1) This court has jurisdiction over this action pursuant to 5 U.S.C.A. § 552. The venue is proper pursuant to U.S.C.A. 552 § (a) (4) (B). I hereby request a Jury Trial.

### The Parties

(2) D. James Sutton is a citizen of the United States of America, residing at 937 Groveside Road Buskirk, NY 12028. The U.S. Department of Justice has legal responsibility for responding to the FOIL request made to the U.S. attorneys office and the Federal Bureau of Investigation pursuant to 5 USCA § 552.

### Background

(3) On November 2, 2009, Sutton wrote the US Attorney's office for the Northern District of New York requesting Freedom of information to access their files for an investigation that took place from 2005 to 2007 where no prosecution took place. This investigation concerned Travelers Casualty and Surety Companies alleged "Acquisition" of Reliance Insurance Companies surety business, dated May 31, 2000 (exhibit 1).

(4) The U.S. Attorney's office for the Northern District of New York responded on November 19, 2009, stating that pursuant to 28 C.F.R. § 16.3 the request and all their correspondence would be conducted through the Department of Justice FOIA unit in Washington D.C. (exhibit 2).

(5) The Justice Department responded on December 7, 2009 assigning a request number of 09-4319 (exhibit 3).

(6) The Justice Department answered request number 09-4319 on March 18, 2010, stating that no case had been opened and the only records the Northern District of New York U.S. Attorney's office had was my four binders I supplied to them (exhibit 4).

(7) Plaintiff Sutton anticipated this response and filed a FOIL request on February 9, 2010, requesting rules and record keeping requirements for all complaints and investigations by the US attorneys office and the FBI from 2004 until present (exhibit 5).

(8) The Justice Department answered this request on March 15, 2010, stating that there were no records regarding Federal Policy and Rules for record retention of cases investigated by the U.S. Attorney's Office. This request was assigned number 2010-578. (exhibit 6)

(9) Plaintiff filed administrative appeals on both request numbers 09-4319 and 2010-578, received by the Justice Report on April 20, 2010 (exhibits 7, 8).

(10) Request number 09-4319 was decided on June 17, 2010 affirming the Executive Office for the United States Attorney's decision that there weren't any records other than mine. This appeal was assigned Appeal Number 2010-1703 (exhibit 9).

(11) Request number 2010-578 was administratively decided on September 8, 2010. This appeal was remanded by Associate Director Janice Galli Mcleod pertaining to record retention policies. This request was assigned Appeal Number 2010-1716 (exhibit 10).

(12) Plaintiff filed a third FOIL request upon the Federal Bureau of Investigations on August 6, 2010. Requesting the same information that was requested from the US Attorney's office which the FBI investigated from February, 2005 to December, 2007 (exhibit 11).

(13) The Justice Department acknowledged this FOIL Request on October 7, 2010, assigning it request number 10-3469 (exhibit 12).

(14) Plaintiff wrote the Justice Department on December 9, 2010 requesting an update on this request (exhibit 13).

(15) The Justice Department has not answered the remanded request number 2010-578, appeal number 2010-1716.

(16) The Justice Department has not answered request number 10-3469

As and for a First Cause of Action

Fraud

(17) The foregoing paragraphs are incorporated by reference as if fully stated herein.

(18) In Request number 09-4319, Appeal number 2010-1703, the U.S. Attorney's office for the Northern district of N.Y. said that they did not have any records at all other than the four binders that I supplied them.

(19) Sarah Lord, the Assistant U.S. Attorney for the Northern District of New York investigated this case from February, 2005 until December, 2007.

(20) Ms. Lord met with me and my attorney four times.

(21) Ms. Lord met with the New York State Insurance Department officials in her office with plaintiff Sutton in attendance.

(22) Ms. Lord met with other attorneys from Boston, Massachusetts with Sutton present.

(23) Ms. Lord told Sutton and his attorney that the FBI was investigating this case.

(24) Ms. Lord informed Sutton through his attorney that she would not be prosecuting the case.

(25) In this instant FOIL action Ms. Lord has stated for the record that she has no records of any kind for her two year investigation that expended thousands of taxpayer dollars.

(26) Ms. Lord conducted her own investigation, held meetings, interviewed other government officials, deployed the FBI and ultimately reached a final opinion not to prosecute. Now, Ms. Lord states she has no records.

(27) 5 U.S.C.A. § 552 (a) (2) (A) states that there must be records for final opinions and that they are to be made public.

(28) The Justice Department is thereby committing fraud by stating there are no records when records are mandated and must exist.

As and For a Second Cause of Action
("Contempt of Remand")

(29) The foregoing paragraphs are incorporated by reference as if fully stated herein.

(30) Request number 2010-578, Appeal number 2010- 1716 Requested rules, regulations for record keeping requirements for the U.S. Attorney's office and the FBI.
Initially the defendants stated that there were no rules of regulating for them as it pertained to record keeping for investigations. Their own department overruled them and remanded them to supply these records.

Defendants have defied this administrative ruling and have not answered the remanded request in over eleven months.

(31) This failure to respond is in direct violation of S.U.S.C.A § 552 (a) (1) (A) (B) (C) (D) and (I).

(32) This default invokes S.U.S.C.A. § 552 4 (E) (ii) I and II. Plaintiff, Sutton has substantially prevailed because (I), the defendants, have defied an "enforceable written agreement or consent decree", and have changed the agency position, (II). The Justice Department said, initially there aren't any rules or regulations for record keeping. The same agency on appeal said there must be.

<u>As and for a Third Cause of Action</u>
(Collusion and Conspiracy)

(33) The foregoing paragraphs are incorporated by reference as if fully stated herein.

(34) The U.S. Attorney's Office and the FBI for the Northern District of New York investigated an Insurance Transaction that irrefutably turned out to be unlawful and a fraud upon the public. The Defendant's investigation had to reach the same factual conclusion.
The defendants not only failed to prosecute the fraudulent transaction but have willfully denied access to this investigation file, as to collude and conspire with the original fraudulent transaction.

(35) The defendants have acknowledged Plaintiffs 3rd FOIL Request in exhibit 11, but have not responded in 10 months violating the time period for responding (S.U.S.C.A. § 552 (6) (A) (i) (ii) ).

Wherefore, D. James Sutton respectfully requests judgment against the United States Justice Department granting relief:

(1) For the first cause of action contained in Request number 09-4319

(2) For the second cause of action contained in Request number 2010-578

(3) For the third cause of action contained in Request number 10-3469

Including court costs and sanctions for intentional defiance of 5 U.S.C.A § 552.

Dated: 8/5/11

D. James Sutton
937 Groveside Road
Buskirk, NY 12028
(518)-701-1116